NOTICE OF OBJECTION TO CONFIRMATION

SELENE FINANCE LP AS SERVICER FOR CHRISTIANA TRUST, A DIVISION OF WILMINGTON SAVINGS FUND SOCIETY, FSB, AS TRUSTEE FOR NORMANDY MORTGAGE LOAN TRUST, SERIES 2013-19 has filed papers with the Court to object to the Confirmation of the Chapter 13 Plan.

**<u>Your rights may be affected</u>.  You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case.  (If you do not have an attorney, you may wish to consult one.)**

If you do not want the Court to object to the Confirmation of the Chapter 13 Plan, or if you want the Court to consider your views on the Objection, then on or before, you or your attorney must:

1. File with the Court an answer, explaining your position at:
**Clerk
U.S. Bankruptcy Court
50 Walnut Street, 3rd Floor
Newark, NJ 07102**

If you mail your response to the Court for filing, you must mail it early enough so that the Court will *receive* it on or before the date stated above.

You must also mail a copy to:

| | |
|---|---|
| Phelan Hallinan Diamond & Jones, PC | MARIE-ANN GREENBERG, Trustee |
| 400 Fellowship Road, Suite 100 | 30 TWO BRIDGES ROAD, SUITE 330 |
| Mt. Laurel, NJ 08054 | FAIRFIELD, NJ 07004 |

2. Attend the hearing scheduled to be held on 10/28/2015 in the NEWARK Bankruptcy Court, at the following address:
**U.S. Bankruptcy Court
50 Walnut Street, 3rd Floor
Newark, NJ 07102**

If you or your attorney do not make these steps, the Court may decide that you do not oppose the relief sought in the Objection and may enter an Order granting that relief.

Date: October 6, 2015

/s/ John Schneider
John Schneider, Esq.
Phelan Hallinan Diamond & Jones, PC
400 Fellowship Road, Suite 100
Mt. Laurel, NJ 08054
Tel: 856-813-5500 Ext. 7367
Fax: 856-813-5501
Email: john.schneider@phelanhallinan.com

**File No. 140335**
Phelan Hallinan Diamond & Jones, PC
400 Fellowship Road
Mt. Laurel, NJ 08054
856-813-5500
FAX Number 856-813-5501
SELENE FINANCE LP AS SERVICER FOR CHRISTIANA TRUST, A DIVISION OF WILMINGTON SAVINGS FUND SOCIETY, FSB, AS TRUSTEE FOR NORMANDY MORTGAGE LOAN TRUST, SERIES 2013-19

| | |
|---|---|
| In Re:<br> Tara M. Whalen aka<br> Tara Capobianco<br><br>Debtors | UNITED STATES BANKRUPTCY COURT<br>FOR THE DISTRICT OF NEW JERSEY<br>NEWARK VICINAGE<br><br>Chapter 13<br><br>Case No. 15-26199<br>Hearing Date: 10/28/2015 |

The undersigned, Phelan Hallinan Diamond & Jones, PC, attorneys for Secured Creditor, SELENE FINANCE LP AS SERVICER FOR CHRISTIANA TRUST, A DIVISION OF WILMINGTON SAVINGS FUND SOCIETY, FSB, AS TRUSTEE FOR NORMANDY MORTGAGE LOAN TRUST, SERIES 2013-19, the holder of a Mortgage on debtors residence located at 1 WEBSTER STREET, RIDGEFIELD PARK, NJ 07660-1420 hereby objects to the Confirmation of the debtors proposed Chapter 13 Plan on the following grounds:

1. Movant is in the process of drafting and filing a Proof of Claim. The approximate arrears are $110,869.83.

2. Debtor's Modified Plan does not provide for payment of arrears to Movant. Debtor's Plan provides for the Debtor's pursuit of a loan modification. Debtor's Modified Plan is speculative in nature in that the Plan contemplates curing the arrears through a loan modification that has neither been offered nor approved. A copy of the Debtor's Plan is attached hereto as Exhibit "A" and made a part hereof.

3. Debtor's Modified Plan fails to cure the delinquency pursuant to 11 U.S.C. §1322(b)(5). Movant objects to <u>Debtor's</u> Plan as it is underfunded.

4. Debtor's Modified Plan should be amended to fully fund the arrears owed to Movant. Confirmation of Debtor's proposed Plan should be denied.

5. Debtor's Modified Plan provides for adequate protection payments. Movant objects to adequate protection payments and requires full post-petition mortgage payments of $2,649.51 be made by the Debtor while he/she pursues a loan modification. Debtor's failure to provide full post-petition mortgage payments will only increase the arrears owed to Movant.

WHEREFORE, SELENE FINANCE LP AS SERVICER FOR CHRISTIANA TRUST, A DIVISION OF WILMINGTON SAVINGS FUND SOCIETY, FSB, AS TRUSTEE FOR NORMANDY MORTGAGE LOAN TRUST, SERIES 2013-19 respectfully requests that the Confirmation of Debtors Plan be denied.

/s/ John Schneider
John Schneider, Esq.
Phelan Hallinan Diamond & Jones, PC
400 Fellowship Road, Suite 100
Mt. Laurel, NJ 08054
Tel: 856-813-5500 Ext. 7367
Fax: 856-813-5501
Email: john.schneider@phelanhallinan.com

Dated: October 6, 2015

# Exhibit "A"

**Last revised 8/1/15**

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEW JERSEY

In Re:  
TARA M. WHALEN

Case No.: _____15-26199_____

Judge: _____TBA_____

Chapter: 13

Debtor(s)

## Chapter 13 Plan and Motions

☐ Original  ☒ Modified/Notice Required  ☒ Discharge Sought

☒ Motions Included  ☐ Modified/No Notice Required  ☐ No Discharge Sought

Date: _____October 6, 2015_____

THE DEBTOR HAS FILED FOR RELIEF UNDER  
CHAPTER 13 OF THE BANKRUPTCY CODE

**YOUR RIGHTS WILL BE AFFECTED**

You should have received from the court a separate *Notice of the Hearing on Confirmation of Plan*, which contains the date of the confirmation hearing on the Plan proposed by the Debtor.  This document is the actual Plan proposed by the Debtor to adjust debts.  You should read these papers carefully and discuss them with your attorney.  Anyone who wishes to oppose any provision of this Plan or any motion included in it must file a written objection within the time frame stated in the Notice.  **This Plan may be confirmed and become binding, and included motions may be granted without further notice or hearing, unless written objection is filed before the deadline stated in the Notice.**

**YOU SHOULD FILE A PROOF OF CLAIM BY THE DEADLINE STATED  
IN THE NOTICE TO RECEIVE DISTRIBUTIONS UNDER ANY PLAN  
THAT MAY BE CONFIRMED, EVEN IF THE PLAN REFERS TO YOUR CLAIM**

---

**Part 1:    Payment and Length of Plan**

a. The debtor shall pay $ _____75_____ per _____month_____ to the Chapter 13 Trustee, starting on _____September 1, 2015_____ for approximately _____36_____ months.

b. The debtor shall make plan payments to the Trustee from the following sources:

☒ Future earnings

☐ Other sources of funding (describe source, amount and date when funds are available):

---

c. Use of real property to satisfy plan obligations:

☐ Sale of real property
Description:

Proposed date for completion: _____

☐ Refinance of real property:
Description:
Proposed date for completion: _____

☒ Loan modification with respect to mortgage encumbering property:
Description: 1 Webster Street, Ridgefield Park, New Jersey 07660
Proposed date for completion: _____6 months_____

d. ☐ The regular monthly mortgage payment will continue pending the sale, refinance or loan modification.

e. ☐ Other information that may be important relating to the payment and length of plan:

**Part 2:    Adequate Protection**

a. Adequate protection payments will be made in the amount of $ _____ to be paid to the Chapter 13 Trustee and disbursed pre-confirmation to _____ (creditor).

b. Adequate protection payments will be made in the amount of $ _____1,850.40_____ to be paid directly by the debtor(s) outside the Plan, pre-confirmation to: _____Selene Finance LLP_____ (creditor).

**Part 3:    Priority Claims (Including Administrative Expenses)**

All allowed priority claims will be paid in full unless the creditor agrees otherwise:

| Creditor | Type of Priority | Amount to be Paid |
|---|---|---|
| Marie Ann Greenberg<br>Chapter 13 Standing Trustee | Trustee Commisions | TBD |
| Susan S. Long, Esq.<br>Debtor's Counsel | Attorney Fees | TBD |

**Part 4:    Secured Claims**

**a. Curing Default and Maintaining Payments**
The Debtor shall pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor shall pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

2

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

**b. Modification**

1.) The debtor values collateral as indicated below. If the claim may be modified under Section 1322(b)(2), the secured creditor shall be paid the amount listed as the "Value of the Creditor Interest in Collateral," plus interest as stated. The portion of any allowed claim that exceeds that value shall be treated as an unsecured claim. If a secured claim is identified as having "NO VALUE" it shall be treated as an unsecured claim.

**NOTE: A modification under this Section ALSO REQUIRES
the appropriate motion to be filed under Section 7 of the Plan.**

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor Interest in Collateral | Annual Interest Rate | Total Amount to be Paid |
|---|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |  |

2.) Where the Debtor retains collateral and completes the Plan, payment of the full amount of the allowed secured claim shall discharge the corresponding lien.

**c. Surrender**

Upon confirmation, the stay is terminated as to surrendered collateral. The Debtor surrenders the following collateral:

| Creditor | Collateral to be Surrendered | Value of Surrendered Collateral | Remaining Unsecured Debt |
|---|---|---|---|
|  |  |  |  |

3

|  | |
|---|---|
| **d. Secured Claims Unaffected by the Plan** | |
| The following secured claims are unaffected by the Plan: | |
| **e. Secured Claims to be Paid in Full Through the Plan**: | |

| Creditor | Collateral | Total Amount to be Paid Through the Plan |
|---|---|---|
|  |  |  |

**Part 5:    Unsecured Claims**

a. **Not separately classified** allowed non-priority unsecured claims shall be paid:

☐ Not less than $ _____ to be distributed *pro rata*

☐ Not less than _____ percent

☒ *Pro Rata* distribution from any remaining funds

b. **Separately classified unsecured** claims shall be treated as follows:

| Creditor | Basis For Separate Classification | Treatment | Amount to be Paid |
|---|---|---|---|
| AES/PHEAA | Student loans | To be paid outside of the plan | $17,361.00 amount per POC filed by the Creditor (via monthly payments based upon repayment schedule) |

**Part 6:    Executory Contracts and Unexpired Leases**

All executory contracts and unexpired leases are rejected, except the following, which are assumed:

| Creditor | Nature of Contract or Lease | Treatment by Debtor |
|---|---|---|
|  |  |  |

4

| Part 7: | Motions |
|---|---|

**NOTE:** All plans containing motions must be served on all potentially affected creditors, together with local form, *Notice of Chapter 13 Plan Transmittal*, within the time and in the manner set forth in D.N.J. LBR 3015-1. A *Certification of Service* must be filed with the Clerk of Court when the plan and transmittal notice are served.

    **a. Motion to Avoid Liens Under 11. U.S.C. Section 522(f).**

The Debtor moves to avoid the following liens that impair exemptions:

| Creditor | Nature of Collateral | Type of Lien | Amount of Lien | Value of Collateral | Amount of Claimed Exemption | Sum of All Other Liens Against the Property | Amount of Lien to be Avoided |
|---|---|---|---|---|---|---|---|
| Midland Funding LLC Pressler & Pressler (Counsel for Midland Funding LLC) Docketed Judgments | Debtor's Real Property 1 Webster St. Ridgefield Park, NJ 07660 | DJ-030672-12 DJ-046225-14 DJ-228889-14 | $33.13 $1,408.86 $558.07 | $200,000 | $1.00 | $349,032.00 Mortgage principal balance plus arrears in the approx. amount of $117,644.92 | $33.13 $1,408.86 $558.07 |

    **b. Motion to Avoid Liens and Reclassify Claim From Secured to Completely Unsecured.**

The Debtor moves to reclassify the following claims as unsecured and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Amount of Lien to be Reclassified |
|---|---|---|
|  |  |  |

    **c. Motion to Partially Void Liens and Reclassify Underlying Claims as Partially Secured and Partially Unsecured.**

The Debtor moves to reclassify the following claims as partially secured and partially unsecured, and to void liens on collateral consistent with Part 4 above:

5

| Creditor | Collateral | Amount to be Deemed Secured | Amount to be Reclassified as Unsecured |
|---|---|---|---|
|  |  |  |  |

**Part 8:   Other Plan Provisions**

   **a. Vesting of Property of the Estate**

      ☒   Upon confirmation

      ☐   Upon discharge

   **b. Payment Notices**

   Creditors and Lessors provided for in Parts 4, 6 or 7 may continue to mail customary notices or coupons to the Debtor notwithstanding the automatic stay.

   **c. Order of Distribution**

   The Trustee shall pay allowed claims in the following order:

   1) Trustee commissions

   2) Attorney Fees/Administrative Claims

   3) Priority Claims

   4) Secured Claims          5) General Unsecured Claims

   **d. Post-Petition Claims**

   The Trustee ☐ is, ☒ is not authorized to pay post-petition claims filed pursuant to 11 U.S.C. Section 1305(a) in the amount filed by the post-petition claimant.

**Part 9:   Modification**

   If this Plan modifies a Plan previously filed in this case, complete the information below.

   Date of Plan being Modified: September 9, 2015                         .

| Explain below **why** the plan is being modified:<br>The Original plan dated September 9, 2015 was incorrectly marked as both the Original and Modified Plan.  Plan is also being modified to provide for the treatment of a separately classified unsecured claim. | Explain below **how** the plan is being modified:<br>Payments to the separately classified unsecured creditor for the non-dischargeable claim will be paid outside of the plan. |
|---|---|

   Are Schedules I and J being filed simultaneously with this Modified Plan?     ☐ Yes     ☒ No

| Part 10: | Sign Here |
|---|---|

The Debtor(s) and the attorney for the Debtor (if any) must sign this Plan.

Date: October 6, 2015                                    /s/ Susan S. Long, Esq.
                                                          Attorney for the Debtor

I certify under penalty of perjury that the above is true.

Date: October 6, 2015                                    /s/ Tara Whalen
                                                          Debtor

Date: _____                           _____
                                                          Joint Debtor

| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>**Caption in Compliance with D.N.J. LBR 9004-1(b)**<br><br>140335<br>PHELAN HALLINAN DIAMOND & JONES, PC<br>400 Fellowship Road, Suite 100<br>Mt. Laurel, NJ 08054<br>856-813-5500<br>Attorneys for SELENE FINANCE LP AS SERVICER FOR CHRISTIANA TRUST, A DIVISION OF WILMINGTON SAVINGS FUND SOCIETY, FSB, AS TRUSTEE FOR NORMANDY MORTGAGE LOAN TRUST, SERIES 2013-19 | |
| In Re:<br><br>Tara M. Whalen aka<br>Tara Capobianco | Case No: 15-26199<br><br>Hearing Date: _____<br><br>Judge: $judge<br><br>Chapter: 13 |

**CERTIFICATION OF SERVICE**

1. I, MIGUEL ZAVALA:

   ☐ represent the _____ in the above-captioned matter.

   ☒ am the secretary/paralegal for Phelan Hallinan Diamond & Jones, PC, who represents SELENE FINANCE LP AS SERVICER FOR CHRISTIANA TRUST, A DIVISION OF WILMINGTON SAVINGS FUND SOCIETY, FSB, AS TRUSTEE FOR NORMANDY MORTGAGE LOAN TRUST, SERIES 2013-19 in the above captioned matter.

   ☐ am the _____ in the above case and am representing myself.

2. On October 7, 2015 I sent a copy of the following pleadings and/or documents to the parties listed below:

   Objection to Plan

3. I hereby certify under penalty of perjury that the above documents were sent using the mode of service indicated.

Dated:   October 7, 2015                              /s/ *MIGUEL ZAVALA*
                                                          MIGUEL ZAVALA

| Name and Address of Party Served | Relationship of Party to the Case | Mode of Service |
|---|---|---|
| EDWARD WHALEN<br>1 WEBSTER STREET<br>RIDGEFIELD PARK, NJ 07660-1420 | Co-Debtor | ☐ Hand-delivered<br>☒ Regular mail<br>☐ Certified mail/RR<br>☐ E-mail<br>☐ Notice of Electronic Filing (NEF)<br>☐ Other_____<br>(as authorized by the court *) |
| TARA M. WHALEN<br>1 WEBSTER STREET<br>RIDGEFIELD PARK, NJ 07660-1420 | Debtor | ☐ Hand-delivered<br>☒ Regular mail<br>☐ Certified mail/RR<br>☐ E-mail<br>☐ Notice of Electronic Filing (NEF)<br>☐ Other_____<br>(as authorized by the court *) |
| SUSAN S. LONG, Esquire<br>140 EAST RIDGEWOOD AVENUE<br>SUITE 415<br>PARAMUS, NJ 07652 | Debtor's Attorney | ☐ Hand-delivered<br>☒ Regular mail<br>☐ Certified mail/RR<br>☐ E-mail<br>☒ Notice of Electronic Filing (NEF)<br>☐ Other_____<br>(as authorized by the court *) |
| MARIE-ANN GREENBERG, Trustee<br>30 TWO BRIDGES ROAD, SUITE 330<br>FAIRFIELD, NJ 07004 | Trustee | ☐ Hand-delivered<br>☐ Regular mail<br>☐ Certified mail/RR<br>☐ E-mail<br>☒ Notice of Electronic Filing (NEF)<br>☐ Other_____<br>(as authorized by the court *) |

* May account for service by fax or other means as authorized by the court through the issuance of an Order Shortening Time.

2